UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEVERLY NICHOLS, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:12-cv-01524 |
| | § | |
| ALLSTATE TEXAS LLOYD'S, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF REMAND

**I.       INTRODUCTION**

Before the Court is the plaintiff's, Beverly Nichols (the "plaintiff"), motion to remand

and supporting memorandum (Dkt. No. 2).  The defendant, Allstate Texas Lloyd's ("Allstate"),

has filed a response (Dkt. No. 3) in opposition to the motion.  After having carefully considered

the motion, response, the pleadings and the applicable law, the Court is of the opinion that the

plaintiff's motion to remand should be GRANTED.  The above-styled and numbered civil action

is, therefore, REMANDED,  pursuant to 28 U.S.C. § 1447(c), to the 410th Judicial District Court

of Montgomery County, Texas, where it was originally filed and assigned Cause No. 12-04-

04051.

**II.      FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff, a Texas resident, is the owner of a Texas Homeowners' Insurance Policy

(the "Policy") issued by Allstate, insuring certain real property located at 18970 South Nueces

Trail, Magnolia, Texas 77355 (the "property").  On or about September 5, 2011, a wild fire

caused severe damage to homes and businesses throughout the Montgomery County area,

including the plaintiff's property.

Shortly after the fire, the plaintiff filed a claim with Allstate under the policy for  roof and smoke damages sustained to her residential property and its contents.  Allstate assigned Jimmy Stafford ("Stafford") to adjust her claim.  The plaintiff alleges that Allstate and Stafford delayed full payment of her claim despite the availability of coverage, failed to properly adjust her claim, failed to pay the full proceeds of the policy, and failed to adequately settle her claim.

On April 13, 2012, the plaintiff filed an action in the 410th Judicial District Court of Montgomery County, Texas, against Allstate and Stafford (collectively, the "defendants"), alleging that her claim was improperly handled and wrongfully denied.  Specifically, she alleges causes of action against the defendants jointly for conspiracy, fraud, unfair settlement practices under § 541.060 of the Texas Insurance Code, breach of the prompt payment provisions of the Texas Insurance Code, § 542.051 *et seq.*, breach of the duty of good faith and fair dealing, violations of Section 542 of the Texas Insurance Code and violations of the Deceptive Trade Practices Act.  As to Stafford individually, she alleges claims for negligence, gross negligence and negligent misrepresentation.  As to Allstate only, she alleges a cause of action for breach of contract.

On May 17, 2012, Allstate, pursuant to 28 U.S.C. § 1446(a), removed the instant action to this Court on the basis of diversity jurisdiction, asserting that Stafford, a non-diverse defendant, had been fraudulently joined as a defendant in this action.  The plaintiff, in response, filed the instant motion to remand, alleging that removal of this case was improper in that Stafford was not fraudulently joined as a defendant in this action and thus, this Court lacks subject matter jurisdiction.  Accordingly, the plaintiff urges this Court to remand the instant action to the state court in which it was originally filed.

### III.    CONTENTIONS OF THE PARTIES

#### A.    The Plaintiff's Contentions

The plaintiff asserts that removal of this case was improper because the Court lacks subject matter jurisdiction over this action.  She contends that the Court lacks subject matter jurisdiction over this action because complete diversity of citizenship is non-existent between the parties.  She maintains that Stafford, a Texas resident, has been properly joined as a defendant in this case because the facts alleged against him are sufficient to establish viable causes of action against him.  She further contends that Allstate's allegation that Stafford was added to this lawsuit solely for the purpose of depriving this Court of federal jurisdiction is without merit. Accordingly, she avers that Allstate has failed to meet its heavy burden of proving improper joinder and this case should be remanded to the state court in which it was originally filed.

#### B.    Allstate's Contentions

Allstate argues that removal of the instant action to federal court was proper because Stafford has been improperly joined in this case.  Allstate maintains that the plaintiff has no reasonable possibility of recovery against Stafford based on the allegations pled in her petition. Specifically, it contends that the plaintiff has failed to offer any specific facts in support of her claims against Stafford and as a result, she  has failed to make the required "factual fit" between her allegations and her asserted theories of recovery.  It also avers that the vague allegations asserted by the plaintiff have failed to put Stafford on fair notice of the claims against him. Allstate further avers that the plaintiff's allegations are conclusory and constitute nothing more than a verbatim recitation of the statutory language contained in Chapter 541 of the Texas Insurance Code.  Consequently, Allstate argues that Stafford has been fraudulently joined in this lawsuit for the sole purpose of defeating diversity and depriving this Court of subject matter

jurisdiction.  Therefore, Allstate contends that this Court should disregard Stafford's citizenship for purposes of determining diversity jurisdiction and deny the plaintiff's motion to remand.

## IV.   STANDARD OF REVIEW

The applicable statute provides two grounds for remand:   (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction.   *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127 - 28, 116 S. Ct. 494, 133 L. Ed.2d 461 (1995).  A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion.  28 U.S.C. § 1447(c).  Here, the essential inquiry is whether removal of the state court action on the basis of diversity of citizenship was proper in light of the facts presented.

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction.  *See* 28 U.S.C. § 1441(a).  The federal diversity jurisdiction statute provides that federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists.  *See* 28 U.S.C. § 1332(a).  "It is well-established that the diversity statute requires 'complete diversity' of citizenship:   A district court generally cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants."  *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)).  In analyzing whether diversity jurisdiction exists, however, a court may disregard the citizenship of parties that have been improperly joined.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 - 73 (5th Cir. 2004) (en banc) *cert. denied*, 544 U.S. 992, 125 S. Ct. 1825, 161 L.Ed.2d 755 (2005).  Nevertheless, the burden of establishing fraudulent or improper joinder

rests on the party asserting it and is indeed a heavy burden.  *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

In order to establish fraudulent or improper joinder of a party, the defendant must demonstrate either:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Smallwood*, 385 F.3d at 573.  In this case, the parties do not dispute that Coale and Black are Texas residents, thus the Court's analysis will focus only on the second prong of this test.  Under the second prong, the Court is required to determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Id.* (citing *Irby*, 326 F.3d at 647 – 48).  "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."  *Smallwood*, 385 F.3d at 573.

In assessing whether a defendant has been improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff."  *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 - 309 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). It must also "resolve all ambiguities in the controlling state law in the plaintiff's favor."  *Guillory*, 434 F.3d at 308 (internal citations omitted).  In this regard, the court is not required to "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so."  *Id.* at 309 (internal citations omitted).

When determining the possibility of recovery under state law, the court is permitted to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573 (internal citations omitted). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*; *Guillory*, 434 F.3d at 309. In cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000); *accord Guillory*, 434 F.3d at 309. This summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573 – 74 (citing *Irby*, 326 F.3d at 648 – 49). The Fifth Circuit, nevertheless, has cautioned "district courts against "pretrying a case to determine removal jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (internal citation omitted).

## V.     ANALYSIS AND DISCUSSION

As a threshold matter, the plaintiff argues that remand of this case is appropriate because complete diversity of citizenship is non-existent between the parties. The parties do not dispute that the amount in controversy has been satisfied or that the plaintiff and Stafford are both Texas residents.   Thus, absent a showing that Stafford was improperly joined, subject matter jurisdiction in this case is lacking. *Smallwood*, 385 F.3d at 572 – 73; *see also Guillory*, 434 F.3d at 307 - 08.  Accordingly, here, the improper joinder issue turns on whether the plaintiff can establish *any potentially* viable state-law cause of action against Stafford.

Allstate does not appear to contest that it is possible to maintain a claim under Chapter 541 of the Texas Insurance Code against an adjuster in his individual capacity.  *See*, *e. g., Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007); *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 n.9 (5th Cir. 2004); *Blanchard v. State Farm Lloyds*, 206 F. Supp.2d 840, 845 (S.D. Tex. 2001) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)).  Instead, it contends that the plaintiff has failed to offer any specific facts in support of her claims against Stafford to put him on notice of the allegations against him.  It further maintains that the plaintiff's alleged violations are nothing more than legal conclusions couched as factual allegations that do not demonstrate Stafford's individual role in any of the alleged violations.  As a consequence, it argues that no reasonable basis exist for predicting that the plaintiff might be able to recover against Stafford based on the facts alleged by her in her petition.  This Court disagrees.

The Fifth Circuit, in *Smallwood*, sanctioned a Rule 12(b)(6)-type assessment as the preferred method for determining a plaintiff's possibility of recovery under state law.  *Smallwood*, 385 F.3d at 573.  Under this type of inquiry, a petition "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 – 65, 167 L. Ed.2d 929 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ."  *Id.* (internal citations omitted).

Having found that insurance adjusters are generally subject to liability under the Texas Insurance Code, this Court must now determine whether Stafford could be considered a "person"

engaged in the insurance business with respect to the plaintiff's claims against him. *See Garrison Contractors*, 966 S.W.2d at 487 (reasoning that "section 16 of Article 21.21[1] provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance."); *Vargas v. State Farm Lloyds*, 216 F. Supp.2d 643, 648 (S.D. Tex. 2002) (noting that "[a]lthough the duties of an insurance adjuster are starkly different from those of an insurance agent, an insurance adjuster nevertheless engages in the business of insurance by investigating, processing, evaluating, approving, and denying claims.")   In this case, it is undisputed that Stafford adjusted the plaintiff's claim on Allstate's behalf.  As an adjuster for Allstate, Stafford was tasked with the responsibility of evaluating the plaintiff's claim in terms of legitimacy and value.  Accordingly, Stafford is a "person" subject to liability under Chapter 541 of the Texas Insurance Code since claims adjusters qualify as "persons" engaged in the business of insurance. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007)

Next, the Court must determine whether the plaintiff has alleged *any potentially* viable cause of action against Stafford as a result of his work as an adjuster on her claim.  The Fifth Circuit has explained, however, that to establish a reasonable possibility that a Texas state court would permit recovery against an employee-adjuster for claims alleged under the Texas Insurance Code, the plaintiff must demonstrate that "the employee, *himself*, committed a violation that caused the harm. *Hornbuckle*, 385 F.3d at 545.  Particularly, in her Original Petition, the plaintiff alleges that Stafford, as a claims adjuster, committed the following unfair insurance practices in violation of § 541.060 of the Tex. Ins. Code:

---

[1] "Section 3 of Article 21.21 prohibits any person from engaging in deceptive trade practices in the insurance business, and section 16 provides a private cause of action against a person that engages in an act or practice declared in section 4 of the article to be unfair or deceptive." *Garrison Contractors*, 966 S.W.2d at 484 (citing Tex. Ins. Code art. 21.21 § 16(a)).  Article 21.21 has since been repealed.  The pertinent parts of § 16 are currently codified at § 541.060 of the Tex. Ins. Code.

A.      "[e]ngag[ed] in false, misleading and deceptive acts or practices in the business of insurance . . . . ;

B.      "[e]ngag[ed] in unfair claims settlement practices;

C.      "[m]isrepresent[ed] to [her] pertinent facts or policy provisions relating to the coverage at issue;

D.      "[failed to] attempt[] in good faith to effectuate a prompt, fair and equitable settlement of [the] claims submitted . . .;

E.      "[f]ail[ed] to affirm or deny coverage of [her] claim within a reasonable time;

F.      "[r]efus[ed] to pay [her] claim without conducting a reasonable investigation with respect to the claim; and

G       "[f]ail[ed] to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

(Dkt. No. 1, Ex. B at p. 11 - 12).   Finally, the plaintiff avers that the defendants' "acts, omissions, failures and conduct . . . caused [her] damages, which include, without limitation, the cost to properly repair [her] property and any investigative and engineering fees incurred." (*Id.* at p. 19.)

In sum, the plaintiff alleges, in her Original Petition, that:  (1) her property was damaged as a result of a wild fire; (2) her property was insured at all material times hereto under a policy issued by Allstate; (3) Allstate assigned Stafford to adjust her claim and/or inspect her property; and (4) Stafford allegedly mishandled her claim, by *inter alia*, failing to fulfill his duties in the manner prescribed by the Texas Insurance Code, including misrepresenting the extent of the Policy's coverage, failing to attempt a fair settlement, failing to explain Allstate's reasons for offering an inadequate settlement and/or denying payment.  Based on these allegations, the plaintiff alleges that Stafford's conduct amounts to various violations of the Texas Insurance Code for which he can be held personally liable.

When resolving all factual disputes and ambiguities in the plaintiff's favor as this Court is required to do, the Court determines that the plaintiff's assertions tend to suggest that Stafford, while acting as a "person" engaged in the business of insurance, performed and/or contributed in some way to Allstate's investigation and/or decision relative to her claim.   Assuming such, Stafford could *potentially* be held personally liable to the plaintiff under § 541.060 of the Texas Insurance Code.[2]   Indeed, while the facts presented do not indisputably establish that Texas law will impose liability on Stafford for the causes of action alleged, the plaintiff is not required to make such a showing at this juncture.   Instead, it is Allstate's heavy burden to establish with certainty that the plaintiff has *no reasonable possibility* of recovery against Stafford individually. Allstate has provided this Court with no such evidence from which it could forecast that the plaintiff has no reasonable possibility of recovery against Stafford in state court.   For these reasons, the Court finds that Allstate has not satisfied its burden of establishing that Stafford was improperly joined in this lawsuit and remand is, therefore, warranted.

## VI.    CONCLUSION

Because Allstate has not shown that there exists *no reasonable possibility* that the plaintiff could establish a cause of action against Stafford under the Texas Insurance Code, the Court concludes that it has not met its heavy burden of demonstrating improper joinder on the facts alleged in this case.   In light of the foregoing, the shared citizenship between the plaintiff and Stafford defeats diversity and prevents this Court from exercising jurisdiction over the instant action.   Consequently, the plaintiff's motion to remand is GRANTED.   This civil action is

---

[2] Since the Court finds that a possibility exists that the plaintiff may be able to maintain a cause of action against Stafford under the Texas Insurance Code, it need not consider whether the plaintiff has alleged actionable facts against Stafford for her remaining claims.

hereby remanded, pursuant to 28 U.S.C. § 1447(c), to the 410th Judicial District Court of Montgomery County, Texas, where it was originally filed and assigned Cause No. 12-04-04051.

It is so ORDERED.

SIGNED at Houston, Texas this 31st day of August, 2012.

_____
Kenneth M. Hoyt
United States District Judge